UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lisa Steele,

      Plaintiff,

v.                                                                  Case No. 14-11969

Susan Burek and Jon Shelden,                    Honorable Sean F. Cox

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND DEFAULT JUDGMENT (Doc. #30)

Plaintiff filed this action on May 16, 2014. (Doc. #1). Defendant Shelden filed an Appearance on October 17, 2014. (Doc. #24).[1] Defendant Shelden also filed a "Notice of Joinder/Concurrence" in Defendant Burek's Motion to Dismiss on October 17, 2014. (Shelden Joinder, Doc. #25; Burek MTD, Doc. #12). At that time, Defendant Burek's Motion to Dismiss was set for hearing on October 30, 2014. (Doc. #14).

On October 29, 2014, Plaintiff filed a Request for Clerk's Entry of Default as to Shelden. (Doc. #26). On that same day, the Clerk's Office denied Plaintiff's Request for Entry of Default because Shelden had joined Defendant Burek's Motion to Dismiss. (Doc. #27). This Court held the hearing on Burek's Motion to Dismiss on October 30, 2014 as scheduled.

Plaintiff filed a Motion for Default Judgment as to Jon Shelden on November 19, 2014. (Doc. #30). Plaintiff argues that, due to the insufficient and perfunctory nature of Shelden's Joinder/Concurrence filing, the Court should direct the Clerk to enter default against Shelden and

_____

[1] Shelden was served on October 1, 2014 (Doc. #23) after this Court granted Plaintiff's Motion for Alternate Service as to Shelden. (Doc. #21).

enter default judgment against him.

Defendant Shelden responded.  (Doc. #29).  Defendant Shelden argues that the claims against Burek are not substantively different from the claims against him, and therefore his "joinder/concurrence" in Burek's Motion to Dismiss was proper.  (Doc. #29).

The Court denied Burek's Motion to Dismiss, as well as Sheldon's "Joinder/Concurrence" in Burek's motion, on November 20, 2014.  (Doc. #32).  Shelden filed an Answer to the Complaint on December 5, 2014.  (Doc. #34).

"An entry of default and an entry of default judgment are two separate events or steps.  The first step is the entry of default when it is shown, by affidavit or otherwise, that a defending party on a claim has failed to plead or otherwise defend.  The second step is the entry of default judgment."  46 Am. Jur. 2d *Judgments* § 233.

The custom and practice in this Court is that a clerk's entry of a default is a prerequisite to obtaining a default judgment from the district court.  *See e.g., Dahill Management, LLC v. Moore*, 2009 WL 1664559 (E.D. Mich. 2009) (explaining that "[t]his Court requires that the Plaintiff first obtain a clerks's entry of default" before seeking a default judgment from the district court.).

The Court finds that Plaintiff has not come forth with any authority requiring the Court to enter default against Defendant Shelden.  Therefore, the Court shall decline to order that a Clerk's Entry of Default be entered against Shelden.  The standard for setting aside a clerk's entry of default is not difficult to meet.  Shelden has filed an Answer and otherwise continued to participate in this litigation since he was served.  If the Clerk of the Court had entered default against Shelden, the Court would likely be inclined to set aside the default upon motion by Shelden.  *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."); *see, e.g., Biton v.*

*Palestinian Interim Self Government Authority*, 233 F.Supp.2d 31 (D.D.C. 2002) (holding that, in assessing the factual circumstances asserted by the parties, in context of a motion to set aside default, all doubts are resolved in favor of the party seeking relief.).

Because Plaintiff has not obtained a clerk's entry of default as to Defendant Shelden, the entry of default judgment against Shelden would be premature. Accordingly, the Court DENIES Plaintiff's Motion for Entry of Default and Default Judgment (Doc. #30).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 6, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2015, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

3