UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA STEELE,

                Plaintiff,          Civil Action No. 14-11969
                                                Honorable Sean F. Cox
v.                                          Magistrate Judge David R. Grand

SUSAN BUREK and
JON SHELDEN,

                Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS OR FOR OTHER SANCTIONS
AND TO CHALLENGE ATTORNEY EYES ONLY DESIGNATION [57]**

Before the Court is Defendants Susan Burek and Jon Shelden's (collectively, "Defendants") Motion to Dismiss or for Other Discovery Sanctions and to Challenge Attorney Eyes Only Designation, which was filed on July 1, 2015. (Doc. #57). On July 22, 2015, Plaintiff Lisa Steele ("Steele") filed a response to this motion (Doc. #65), and Defendants filed a reply on July 30, 2015 (Doc. #73). An Order of Reference was entered on July 16, 2015, referring the motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #62). A hearing was held on this motion on August 20, 2015.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the District Court **DENY** Defendants' request for dismissal of Steele's case. It is further **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Defendants' request for monetary sanctions and order Steele to compensate Defendants for certain reasonable costs and fees

1

incurred in the amount (agreed-upon by the parties) of $4,244, as detailed below.[1]

## II.   REPORT

In their motion, Defendants assert that, "Plaintiff Lisa Steele told a flat-out, absolute lie about a critical issue during her deposition." (Doc. #57 at 7). As a result, Defendants ask that this Court "exercise its inherent power to dismiss this case and award [them] monetary sanctions." (*Id.* at 6).

The Court heard extensive oral argument on this motion, during which it was established that, at a minimum, Steele was evasive and not fully forthcoming in answering certain deposition questions regarding an individual she first identified as "Martin Bradley" and later revealed to be Brittany May, an acquaintance of Plaintiff.[2] Indeed, the Court is particularly troubled by the following questions and answers from Steele's deposition:

> Q. How do you know him [Martin Bradley]?
> A. I don't personally…when the group first started and they were recruiting people, there were a couple of fans of mine who inadvertently were invited or joined the group and didn't realize what it was…
>
> * * * *
>
> Q. Have you ever met him [Martin Bradley]?
> A. No.

(Steele Dep., Doc. #57-3 at 48-49, 51-52). As noted above, and as discussed at the hearing, it has been established that: (1) Steele knew that "Martin Bradley" was a pseudonym for her friend Brittany May; and (2) she knew May personally, and had not only met her, but had attended events with her which are at least tangentially related to the general subject matter of this

---

[1] In their motion, Defendants also moved to challenge Plaintiff's "attorney's eyes only" designation of her Supplemental Answers to Defendant Susan Burek's Second Set of Interrogatories. (Doc. #57). Because counsel for Plaintiff agreed at the hearing to remove such designation, that portion of Defendants' motion should be **DENIED AS MOOT**.

[2] "Martin Bradley" was a Facebook username May used.

2

litigation.

As explained in more detail on the record, however, dismissal at this stage of the proceedings is not warranted because Defendants have not shown that the issue of "Martin Bradley's" true identity is critical to the merits of the case. At the hearing, Defendants indicated an intent to conduct additional discovery as a result of having uncovered Bradley's true identity, and *hypothesized* about how that discovery might bear on the merits of the case. The Court indicated that to the extent such discovery in fact shows that Steele's past conduct was intended to influence the case's merits (manufacturing, concealing or destroying material evidence, for example), Defendants could renew their motion.[3]

In their motion, Defendants also asked the Court, in the alternative, to award sanctions as a result of Steele's conduct. (*Id.* at 9). For the reasons stated at the hearing, the Court finds that some monetary sanction is appropriate; specifically, the Court finds that Steele should be required to compensate Defendants for (1) the cost of follow-up written discovery propounded to determine the true identity of "Martin Bradley"; (2) the cost of re-deposing Plaintiff (if necessary) regarding this issue, including court reporter and transcript costs; (3) the cost of the subpoena issued to Facebook to determine the true identity of "Martin Bradley"; and (4) the cost of filing and litigating the instant motion.

Counsel for Steele and Defendants were directed to meet and confer in an attempt to determine the appropriate monetary amount that would adequately compensate Defendants in these respects, and counsel notified the Court that the agreed-upon amount is $4,244. Thus, for the foregoing reasons, the Court recommends awarding sanctions to Defendants in that amount. The Court also recommends requiring Steele to pay that amount within 30 days of the Court's

---

[3] Of course, any new wrongdoing by Steele would also be grounds for further sanctions, including dismissal of her claims and/or entry of judgment against her.

order on this recommendation.

Finally, as discussed at the hearing, it appears that, despite having received discovery requests from Defendants, Steele has failed and/or refused to produce all relevant communications between her and "Martin Bradley" (*i.e.,* Brittany May). Specifically, Steele has apparently taken the position that all of her correspondence with "Martin Bradley" took place via Facebook Messenger, and that such correspondence no longer exists now that the "Martin Bradley" Facebook account has been deleted. Defendants, however, believe that, at a minimum, Steele should be able to produce copies of the messages she sent to "Martin Bradley," even if his Facebook account has since been deleted. Defendants further assert that Steele also should be required to produce all correspondence (whether via Facebook Messenger, email, or otherwise) between her and Brittany May, now that "Martin Bradley's" true identity has been revealed. At the hearing, Steele's counsel acknowledged an understanding of these obligations. Thus, for the reasons stated on the record, Steele should be required to (1) produce copies of all communications between her and "Martin Bradley"; (2) produce copies of all relevant communications between her and Brittany May; and (3) to the extent that Steele no longer has such communications in her possession, explain in writing why this is the case.

In sum, with respect to Defendants' motion to dismiss or for other sanctions **[57], IT IS RECOMMENDED** that the District Court **DENY** Defendants' request for dismissal of Steele's complaint, but **GRANT** a monetary sanction against Steele in the amount of **$4,244**, to be paid within 30 days of the District Court's order on this Recommendation. It is further **RECOMMENDED** that the Court order Steele to produce the discovery described above.

Dated: August 28, 2015          s/ David R. Grand
                                                               DAVID R. GRAND
                                                               UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager