UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lisa Steele,

    Plaintiff,

v.	Case No. 14-11969

Susan Burek, *et al.,*	Sean F. Cox
                                                      United States District Court Judge

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR FOR OTHER DISCOVERY SANCTIONS (D.E. NO. 79).

Defendants Susan Burek and Jon Sheldon ("Defendants") filed a Motion to Dismiss or for Other Discovery Sanctions and to Challenge Attorney Eyes Only Designation (D.E. No. 57) on July 1, 2015. That motion was referred to Magistrate Judge David Grand for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 28, 2015, Magistrate Judge Grand issued his Report and Recommendation ("R&R) wherein he recommended that the Court deny the motion in part and grant the motion in part. (D.E. No. 78).

First, the R&R addressed issues concerning Plaintiff's knowledge about the alleged use of the pseudonym "Martin Bradley" on Facebook by another person named Brittany May. The R&R recommended that the Court deny Defendants' request for dismissal of Plaintiff's case as a discovery sanctions because, among other things, Defendants had "not shown that the issue of 'Martin Bradley's' true identify is critical to the merits of the case." (*Id.* at 3). Nevertheless, because the magistrate judge concluded that Plaintiff had at least been "evasive and not fully

1

forthcoming in answering certain deposition questions" regarding Martin Bradley, he concluded that some monetary sanction was appropriate. The magistrate judge therefore recommended a monetary sanction against Plaintiff in the amount of $4,244. (Docket Entry No. 78 at 4).

The R&R further recommended that the Court order Plaintiff to produce certain discovery. The R&R noted that Plaintiff has "taken the position that all of her correspondence with 'Martin Bradley' took place via Facebook Messenger, and that such correspondence no longer exists now that the 'Martin Bradley' Facebook account has been deleted." (*Id*. at 4). It then recommended that Plaintiff "should be required to (1) produce copies of all communications between her and 'Martin Bradley'; (2) produce copies of all relevant communications between her and Brittany May; and (3) to the extent that [Plaintiff] no longer has such communications in her possession, explain in writing why this is the case." (R&R at 4).[1]

Notably, neither party filed objections to the R&R within the fourteen-day time period permitted for doing so (i.e., by September 11, 2015). This Court issued an order adopting the R&R. (D.E. No. 81).

The matter is currently before the Court on another motion filed by Defendants requesting sanctions – "Defendants' Motion To Dismiss Or For Other Discovery Sanctions And To Challenge Confidentiality Designation." (D.E. No. 79).

The parties have briefed the issues and the Court concludes that a hearing is not warranted. As such, the Court shall rule upon the motion without a hearing. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

---

[1]The R&R also recommended that the portion of the motion dealing with "attorney's eyes only" designations be denied as moot. (*Id*. at 2 n.1).

For the reasons set forth below, the Court shall DENY Defendants' now second motion to dismiss Plaintiff's claims based on alleged discovery violations.

First, the pending motion appears to ask this Court to dismiss Plaintiff's claims in this action with prejudice as a discovery sanction, or impose further monetary sanctions, based upon her testimony during her deposition. (*See* Defs.' Motion at Pg ID 2433 & 2436). The Court denies that request because that issue has already been ruled upon this Court by virtue of this Court's adoption of the magistrate judge's August 28, 2015 R&R.

Second, the motion asks the Court to dismiss Plaintiffs' claims as a sanction, and award them additional attorney fees, for allegedly having failed to comply with the portion of the R&R, adopted by this Court, that required Plaintiff to provide further discovery relating to "Martin Bradley." Tellingly, the motion does not ask the Court to assist Defendants in obtaining any further documents or discovery responses. Nor does the motion explain how or why the requested discovery relating to "Martin Bradley," or Brittany May is critical to the claims or defenses in this action. Rather, the motion only asks the Court to sanction Plaintiff – *with the harshest sanction available* – for having provided what Defendants deem insufficient responses following the R&R.

As the Sixth Circuit has noted, "Dismissal is the sanction of last resort. *Beil v. Lakewood Eng. and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). It should be imposed only if the Court concludes that the party's failure to cooperate in discovery was wilful, in bad faith, or due to its own fault. *Id.* Having reviewed the pending motion and Plaintiff's response, this Court concludes that standard is not met here.

For example, Plaintiff was directed to "produce copies of all communications between

3

her and 'Martin Bradley'" and, "to the extent she no longer has such communications in her possession," Plaintiff was directed to explain in writing why that is the case. (R&R at 4).

Plaintiff submitted a Declaration that stated that Plaintiff had "searched all accounts and applications for communications with 'Martin Bradley', and there are no remaining communications between myself and 'Martin Bradley.' As shown in the documents numbered as LST 0894-0895, Facebook messenger does not maintain any communications to or from 'Martin Bradley.' This has been true since the 'Martin Bradley' Facebook account was deleted by its owner some time during the first half of 2015." (Pl.'s Decl. at 4). In other words, Plaintiff appears to have responded that because the person who had maintained the prior facebook account in the pseudonym "Martin Bradley" has deleted that account, those messages with "Martin Bradley" no longer exist.

Defendants criticize that portion of the Declaration, arguing:

> Ms. Steele says that she searched all her accounts for communications with "Martin Bradley" and found none. Of course not. "Martin Bradley" no longer exists (and never existed). But *as Ms. Steele surely knows*, once "Martin Bradley" deleted her/his Facebook account, Facebook replaced the profile "Martin Bradley" with the profile "Facebook User." Indeed, on September 24, 2015, Ms. Burek checked her own communication with Martin Bradley and found them still intact. Exhibit B. Yet Ms. Steele disingenuously declares that she could not find any communications between herself and "Martin Bradley." She leaves out the fact that there are certainly many messages now captioned "Facebook User."

(Defs.' Br. at 5) (emphasis added). Defendants offer no explanation as to what appears to be their speculation that Plaintiff "surely knows" how prior messages with a since-deleted Facebook account user can be located after such an account has been deleted. As Exhibit B, Defendants attach some kind of screen shot of messages between Defendant Burek and some facebook user

only identified as "Facebook User." Such exhibits, without more, are useless to the Court. The Court concludes it is not appropriate to sanction Plaintiff, again with the harshest sanction available (ie., dismissal of her claims), for her alleged lack of knowledge as to how to retrieve such messages when this Court also lacks such knowledge.

Defendants also fault Plaintiff for having produced only what she deemed "relevant" communications between her and Brittany May. But, as Plaintiff notes in her response, in the R&R the magistrate judge directed Plaintiff to "produce copies of all *relevant* communications between her and Brittany May." (R&R at 4) (emphasis added). And Defendants did not object to that language in the R&R.

Accordingly, for all of these reasons, Defendants' pending Motion to Dismiss (D.E. No. 39) is DENIED.[2]

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

---

[2]The Court notes that the pending motion also asks the Court to "immediately reject the designation" of certain documents produced by Plaintiff as Confidential under the Protective Order that the parties agreed to on March 16, 2015. (D.E. 39). However, the motion does not indicate that the parties have followed the "meet and confer" protocol that they agreed to in the Protective Order (*see* D.E. No. 39 at 9-10) before filing the motion. Moreover, given the nature of how the parties have proceeded in this action, this Court concludes that it is appropriate for Counsel for the parties to meet and confer, *in person*, before the Court will become involved in such disputes.